UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD ARMSTRONG, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:21-cv-00235-JMS-MJD ) |
| STATE OF INDIANA, et al. | ) ) |
| Respondents. | ) |

**Order Dismissing Petition for Writ of Habeas Corpus Without Prejudice**

Petitioner Edward Armstrong filed this petition for writ of habeas corpus challenging his custody pursuant to a 2017 Indiana conviction for theft. The respondent moved to dismiss the petition without prejudice, arguing that some of Mr. Armstrong's claims are unexhausted. Mr. Armstrong has not responded. As explained below, the motion to dismiss, dkt. [9], is **granted**, and the petition for writ of habeas corpus is **dismissed without prejudice**.

### I. Background

Mr. Armstrong was convicted of theft following a guilty plea in March 2017. Before his conviction, he filed an interlocutory appeal arguing that the State had violated the Interstate Agreement on Detainers.

After conviction, Mr. Armstrong appealed his sentence. The Indiana Court of Appeals affirmed on October 5, 2017. Dkt. 9-4 at 8. Mr. Armstrong did not petition for transfer to the Indiana Supreme Court. He filed a petition for state post-conviction relief on December 13, 2017, but withdrew the petition without prejudice on March 26, 2019. Dkt. 9-5.

Mr. Armstrong then filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In this petition, Mr. Armstrong argues that

1. the trial court erred in not granting his motion to dismiss based on the Interstate Agreement on Detainers;

2. the prosecutor committed misconduct by making misrepresentations to the trial court relevant to Mr. Armstrong's Interstate Agreement on Detainers argument;

3. trial counsel was ineffective in litigating the Interstate Agreement on Detainers argument;

4. trial counsel was ineffective for failing to file a second motion to dismiss based on the Interstate Agreement on Detainers; and

5. the trial court abused its discretion by granting trial continuances in violation of the Interstate Agreement on Detainers.

Dkt. 2.

## II.     Applicable Law

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)
   (i) there is an absence of available State corrective process; or

   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1); see *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) ("To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." (cleaned up)).

## III.     Discussion

Mr. Armstrong has not presented his ineffective assistance of counsel claim in state court. As the respondent has explained, Mr. Armstrong may do so by raising them in a state post-

conviction petition and completing the ordinary appellate review process, if necessary. Dkt. 9 at 3; *see Rogers v. State*, 897 N.E.2d 955, 964–65 (Ind. 2008) ("[P]ost-conviction proceedings are usually the preferred forum for adjudicating claims of ineffective assistance of counsel."). His petition is, at best, a "mixed" one with both exhausted and unexhausted claims. *Lisle v. Pierce*, 832 F.3d 778, 785 (7th Cir. 2016).

The Court cannot grant relief on a mixed petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). The only choices are to dismiss the petition or stay the federal proceedings until the petition is fully exhausted. *Walker v. Martin*, 562 U.S. 307, 314 n.3 (2011).

A stay is appropriate when (1) there was good cause for the petitioner's failure to exhaust state remedies before filing in federal court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Rhines v. Weber*, 544 U.S. 269, 277−78 (2005). The Court need not move past the first factor in this case because Mr. Armstrong has not shown good cause for failing to exhaust his claims in state court. Dismissal without prejudice is therefore appropriate.[1]

### IV.    Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). Where a petition is denied on procedural grounds (such as failure to exhaust),

---

[1] There is no concern that dismissal without prejudice will create a statute of limitations problem, as 28 U.S.C. § 2244(d)'s limitation period had already run before Mr. Armstrong filed this petition.

the petitioner must also show that reasonable jurists could disagree with that procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." It is clear that Mr. Armstrong did not exhaust his state court remedies before bringing this action. Therefore, a certificate of appealability is **denied**.

## V.     Conclusion

The respondent's motion to dismiss, dkt. [9], is **granted**. The petition for writ of habeas corpus is **denied without prejudice**. A certificate of appealability is **denied**. Final judgment shall issue.

**IT IS SO ORDERED.**

Date: 12/6/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

EDWARD ARMSTRONG
264536
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov